In re Debra Adamos CRUZ, aka Debra Cruz–Reynolds, Debtor.

AVCO FINANCIAL SERVICES OF SOUTHERN CALIFORNIA, INC., Plaintiff,

v.

Debra Adamos CRUZ, aka Debra Cruz–Reynolds, Defendant.

Bankruptcy No. 95–11998–H7.
Adversary No. 95–90003–H7.

United States Bankruptcy Court, S.D. California.

July 10, 1996.

Ronald J. Pullen, Chula Vista, CA, for Plaintiff.

Debra Adamos Cruz, San Diego, CA, for Defendant.

**332**

## AMENDED MEMORANDUM DECISION

JOHN J. HARGROVE, Bankruptcy Judge.

Plaintiff AVCO Financial Services of Southern California ("AVCO") requests this Court to enter default judgment against Defendant Debra Adamos Cruz, aka Debra Cruz–Reynolds ("Cruz") because Cruz has not filed a motion or answer to AVCO's complaint.

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and General Order No. 312–D of the United States District Court for the Southern District of California. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

### FACTS

On January 3, 1996, AVCO brought its complaint for willful and malicious conversion under 11 U.S.C. § 523(a)(2)(A) & (B), (a)(4), (a)(6). AVCO alleges that on or about November 13, 1994, Cruz entered into a Conditional Sales Contract ("Contract") for certain furniture items. Under the Contract, AVCO retained title to the property and the right to take possession of the property upon Cruz's failure to make payments.[1]

Cruz defaulted on the Contract in September of 1995. AVCO alleged in its complaint that it made demand for delivery of the property, that Cruz refused to deliver the property, and that Cruz converted the property to her own use. AVCO prayed for a finding of nondischargeability and judgment for AVCO for the amount of its debt, plus interest, attorney's fees and court costs.

Default was entered as requested on February 12, 1996 and on May 31, 1996, AVCO filed its Judgment by Default and a declaration in support thereof.

This Court then required AVCO to submit a verified declaration containing competent evidence regarding proof of the allegations in the complaint and to provide evidence that demand for the merchandise was made on Cruz and that Cruz refused to return it, and to provide reasons why state remedies are inadequate to secure return of the merchandise. As discussed below, AVCO has failed to satisfy this Court's evidentiary requirements.

### DISCUSSION

It is the law of this Circuit that entry of a default by the bankruptcy court clerk does not automatically entitle a plaintiff to entry of a default judgment, regardless of the fact that generally the effect of entry of a default is to deem allegations admitted. *In re Beltran*, 182 B.R. 820, 823 (9th Cir. BAP 1995), citing *In re Villegas*, 132 B.R. 742, 746 (9th Cir. BAP 1991). Courts have wide discretion in deciding whether or not to enter a default judgment under Federal Rule of Civil Procedure 55, and the Rule itself authorizes the bankruptcy court to conduct such hearings "as it deems necessary and proper." Bankruptcy courts are accordingly provided the discretion to require proof of the facts necessary to determine a valid claim for relief against the defaulting parties. *Id.* Accordingly, this Court reviews AVCO's claims for relief in light of the evidence provided by AVCO.

**1.** ***11 U.S.C. § 523(a)(2)(A) & (B):*** A bankruptcy court's consideration of the evidence required to establish the truth of any averment under Rule 55 necessarily includes evidence regarding issues of intent in a § 523(a)(2)(A) context. *Beltran* at 824. In order to succeed under § 523(a), the objecting party must prove each element of a particular § 523(a) discharge exception by a preponderance of the evidence. *In re Friend*, 156 B.R. 257, 260 (Bankr.W.D.Mo.1993).

The elements in a § 523(a)(2)(A) claim for relief are as follows: 1) that the debtor made representations; 2) that at the time he knew the representations were false; 3) that he made them with the intention and purpose of deceiving the creditor; 4) that the

---

1. Actually, the contract relied on by AVCO is, according to AVCO, an "AVCO Revolving Charge Account" which under its "Terms and Conditions" provides that, "The Holder shall have and retain a purchase money security interest in merchandise purchased under this Agreement until the indebtedness corresponding to that merchandise, determined in accordance with applicable law, has been paid in full."

creditor relied on such representations; and 5) that the creditor sustained the alleged loss and damage as the proximate result of the representation. *In re Dougherty*, 84 B.R. 653, 657 (9th Cir. BAP 1988).

Here, AVCO pleads no facts in its complaint to support a § 523(a)(2)(A) claim for relief. Further, in response to this Court's request for evidence, AVCO produced a declaration which contains no facts relating to the required elements of a § 523(a)(2)(A) claim. AVCO also produced a copy of the sales contract and accompanying invoices, neither of which are responsive to this Court's request for evidence or supportive of a § 523(a)(2)(A) claim for relief.

Accordingly, AVCO has failed to meet its burden of proof on its claim for relief under § 523(a)(2)(A) and this Court denies AVCO's request for entry of default judgment on that claim.

**2. *11 U.S.C. § 523(a)(4):*** AVCO's second claim for relief is for conversion under § 523(a)(4).[2]

To prevail in an action for conversion under California state law, plaintiff must prove the following elements: 1) plaintiff's ownership or right to possession of tangible property at the time of conversion; 2) defendant's conversion (wrongful taking or disposition); and 3) damages. 5 Witkin, *Pleading*, § 653 (Supp.1996). Where a person is entitled to possession of property and demands the return of it, the unjustified refusal to return the property is a conversion. *Edwards v. Jenkins*, 214 Cal. 713, 720, 7 P.2d 702 (1932).

First, the Contract provides that AVCO holds a purchase money security interest in the merchandise until Cruz's indebtedness is paid in full. Accordingly, AVCO has satisfied the first element of its claim which requires a showing of right to possession. Second, AVCO pleads in its complaint that Cruz "has refused and failed to deliver the items purchased, to plaintiff, and has converted them to his [sic] own use, . . . ." AVCO's averment satisfies its pleading requirement for the second element of this claim. 5 Witkin, *Pleading*, § 655 (Supp. 1996) (averment that defendant converted property to his own use is sufficient of the fact of conversion). Third, AVCO pleads in its complaint that it seeks recovery of damages, including reasonable attorney fees caused by Cruz's failure to surrender the property, thus satisfying the pleading requirement for the third element of the claim.

However, the particular acts constituting conversion are evidentiary and AVCO must support its claim with evidence of Cruz's actual conversion. 5 Witkin, *Pleading*, § 655 (Supp.1996). AVCO fails to provide any evidence supporting its claim that Cruz has converted the property to her own use. AVCO merely claims that Cruz has failed to surrender the property. This fact alone does not prove AVCO's claim that Cruz has converted the property to her own use.

More importantly, AVCO has failed to provide any evidence that it made demand for return of the property. AVCO merely asserts, in the declaration of Wendy Watt, that Cruz has refused and failed to deliver the merchandise to AVCO. This evidence is wholly insufficient where the law requires evidence of AVCO's demand for return.

Finally, AVCO provides no authority for its claim to recover the balance due on the Contract rather than the fair market value of the goods at the time of the alleged conversion. *See* California Civil Code § 3336 (two alternative measures of conversion damages); *Krueger v. Bank of America*, 145 Cal.App.3d 204, 215, 193 Cal.Rptr. 322 (1983) (proper measure of damages for conversion is value of the property where plaintiff fails to establish existence of special circumstances to invoke alternative).

AVCO has failed to meet its burden of proof to prevail on its claim for relief under

---

**2.** While AVCO brings its claim for relief under this section, this Court recognizes that the majority of nondischargeability claims for conversion are properly brought under 11 U.S.C. § 523(a)(6). *In re Apte*, 180 B.R. 223 (9th Cir. BAP 1995); *In re Stephenson*, 166 B.R. 154 (Bankr.S.Cal.1994); *In re Littleton*, 106 B.R. 632 (9th Cir. BAP 1989); *In re Cecchini*, 780 F.2d 1440 (9th Cir.1986). However, this distinction has no bearing on the final disposition of this case since AVCO has failed to meet its burden of proof on this claim for relief.

§ 523(a)(4) and this Court denies AVCO's request for entry of default judgment on that claim.

3. *11 U.S.C. § 523(a)(6):* To prevail under this section, a creditor has the burden of proving by a preponderance of the evidence that the debtors acted both willfully and maliciously. *In re Littleton,* 942 F.2d 551, 554 (9th Cir.1991). Under this section, the "willful" element is satisfied by a showing that the debtor deliberately or intentionally performed the wrongful act. *In re Britton,* 950 F.2d 602, 605 (9th Cir.1991); *In re Cecchini,* 780 F.2d 1440, 1443 (9th Cir.1986). The "malice" element is satisfied only where a creditor shows that the debtor committed a wrongful act and the act necessarily produced harm and the act was without justification or excuse. *In re Littleton, supra,* at 554.

Again, AVCO has failed to plead any facts or to provide any evidence whatsoever relating to the elements of a § 523(a)(6) claim for relief. Accordingly, AVCO has failed to meet its burden of proof and this Court denies AVCO's request for entry of default judgment on that claim.

4. *Inadequacy of State Court Remedies:* The state court remedy of Claim and Delivery of Personal Property is available where personal property is sought as security for repayment of a debt now in default. *See generally* California Code of Civil Procedure §§ 511.010–516.010. Creditors need only seek relief from the automatic stay to pursue such a remedy.

### CONCLUSION

AVCO has failed to meet its burden of proof on claims for relief under 11 U.S.C. §§ 523(a)(2)(A) & (B), (a)(4), and (a)(6) and has failed to show why state court remedies are inadequate. Accordingly, this Court denies AVCO's request to enter default judgment in this case.