**In the Matter of Annie Lucille KING, Debtor.**

**Lucille King, Plaintiff,**

**v.**

**Cava Inc. f/k/a First USA Visa, Defendant.**

Bankruptcy No. 01–82196–JAC–13.
Adversary No. 01–80174–JAC–13.

United States Bankruptcy Court,
N.D. Alabama,
Northern Division.

Dec. 21, 2001.

Cynthia Slate–Cook, Decatur, AL, for Plaintiff.

No Appearance for Defendant.

William Pitts, Sheffield, AL, trustee.

**ORDER**

JACK CADDELL, Bankruptcy Judge.

This matter is before the Court on plaintiff's application for entry of default judg-

ment against the defendant, Cacv, Inc. f/k/a First USA Visa. On October 1, 2001, the plaintiff filed a complaint to disallow the claim of Cacv, Inc. as a debt having been fraudulently incurred by her son who allegedly opened a charge card account in her name and made numerous charges on same by signing her name.

On December 1, 2001, the plaintiff filed an application to clerk for entry of default judgment supported by counsel for plaintiff's affidavit. The affidavit merely alleged that the defendant had not answered or otherwise defended against the complaint within the time required by the summons.

Fed.R.Civ.P. 55 provides that judgment by default may be entered as follows:

(1) *By the Clerk.* When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.

(2) *By the Court.* In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. **If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper** and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Plaintiff is seeking an order by the Court for judgment by default pursuant to Fed.R.Civ.P. 55(b)(2). To obtain a default judgment by the Court, the plaintiff must first submit to the clerk, pursuant to Fed.R.Civ.P. 55(a) by affidavit or otherwise that the defendant has failed to plead or otherwise defend against the complaint and that service was perfected.[1] However, the entry of a default by the bankruptcy court clerk does not automatically entitle the plaintiff to default judgment.[2] Although the allegations contained in the complaint are generally deemed admitted by virtue of the clerk's docket entry of default, courts have wide discretion under Rule 55 in deciding whether or not to enter default judgment. Pursuant to Rule 55(b)(2), the court is authorized to conduct such hearings or order such other proof as it deems necessary and proper to determine that the plaintiff has a valid claim for relief against the defaulting party.[3]

In essence, the elements of proof to take a default judgment are the same required

---

**1.** *See Gold Kist, Inc. v. Laurinburg Oil, Co.,* 756 F.2d 14 (3rd Cir.1985); *Au Bon Pain Corp. v. Artect, Inc.,* 653 F.2d 61 (2nd Cir. 1981).

**2.** *AVCO Fin. Servs. v. Cruz (In re Cruz),* 198 B.R. 330, 332 (Bankr.S.D.Cal.1996).

**3.** *Id.*

by Fed.R.Civ.P. 56 for summary judgment. To prove plaintiff has a valid claim for relief against Cacv, Inc., plaintiff must submit an affidavit by a competent witness setting forth such facts as would be admissible in evidence to prove the elements of plaintiff's cause of action. This Court will not put its name on a judgment that is not supported by competent evidence. The plaintiff in this instance has only halfway complied with Rule 55.

■ The Court further finds plaintiff must file an amended certificate of service to show the capacity of the person served. Plaintiff must also file a proposed judgment setting forth who was served, their corporate capacity, the date of the service, what proof was presented to support plaintiff's judgment, and a statement granting judgment.

If this order is not complied with within 15 days of the date of the entry of this order, the pleading shall be dismissed.