**WING Wong, Yi Fan Lin, Su–Min Zhang, Sherman Yee, Hung Cheong Luk, Angela Yan Pik Yi, Plaintiffs,**

v.

**EAST RIVER CHINESE RESTAURANT, Defendant.**

**No. 92 CV 6000(SJ).**

United States District Court, E.D. New York.

Jan. 10, 1995.

Michael Shen, Shneyer & Shen, New York City, for plaintiffs.

Perry S. Heidecker, Milman & Heidecker, Lake Success, NY, for defendant.

Todd L. Platek, Kirlin, Campbell & Keating, New York City, for petitioner.

Stephen P. Epstein, Jaspan, Ginsberg, Schlesinger, Silverman & Hoffman, Garden City, NY, for Paul Mok, Mable Mok and George Liu.

Andrew Chin, Gim & Wong, P.C., New York City, for Golden River Chinese Restaurant.

## MEMORANDUM AND ORDER

JOHNSON, District Judge:

### INTRODUCTION

Before this Court is a motion for an Order for Default Judgment on a petition for attorney's fees filed by Kirlin, Campbell, and Keating ("KCMK" or "Petitioner").[1] Petitioner is the former counsel for the Defendant, Al & Mic Enterprises, Ltd., d/b/a East River Chinese Restaurant ("ERCR"). Petitioner filed a Petition for Attorney's Fees ("Petition") against ERCR, ERCR's shareholders, and ERCR's alleged successor or alter ego, Golden River Chinese Restaurant ("GRCR") (collectively "Respondents"). Since no answer to the Petition was filed by ERCR, its shareholders, nor GRCR, Petitioner seeks an Order for Default Judgment against the Respondents. For the reasons stated below, this Court denies Petitioner's request for a Default Judgment against each Respondent, but grants the Petition for Fees against ERCR.

Also before this Court is Plaintiffs' motion pursuant to Rules 37(b)(2)(C), 37(b)(2) and 37(d) of the Federal Rules of Civil Procedure for sanctions against Defendant ERCR for failure to comply with discovery. Magistrate Judge Azrack has filed a Report and Recommendation concerning this motion for sanctions and this Court considers that Report herein. For the reasons stated below, Plaintiffs' motion for sanctions is granted, but the relief requested is denied.

### BACKGROUND

As of December 1992, Defendant ERCR and its shareholders were engaged in a dispute with their waiters over payment of minimum wages, overtime compensation and tips and representation by the Chinese Staff and Workers Association. As a result of this dispute, the waiters brought the instant action against ERCR pursuant to the Fair Labor Standards Act of 1938, §§ 6, 7, and 15, 29 U.S.C. §§ 206, 207 and 215, and the New York State Labor Law §§ 190 *et seq.*, 215, and 650 *et seq.*

In late February or early March 1993, ERCR retained the law firm of Jackson, Lewis, Schnitzler & Krupman to represent them in their various actions. That firm continued to represent ERCR until June 1993, during which time ERCR incurred fees to them of approximately $70,000.

At the end of May 1993, the General Manager of ERCR approached Petitioner law firm on behalf of ERCR and discussed the possibility of retaining Petitioner in the action filed against ERCR. On July 6, 1993, ERCR retained Petitioner law firm in con-

---

1. The name of the law firm "Kirlin, Campbell, Meadows and Keating" was changed to "Kirlin, Campbell & Keating" during the pendency of this action. This Court will use the abbreviation "KCMK" throughout this Memorandum and Order to ensure consistency.

nection with the action filed against ERCR by its waiters. Mr. George K. Liu, one of ERCR's shareholders, signed the agreement on behalf of the other shareholders.

As the initial Retainer, a check for $10,000 was given to Petitioner. The Retainer called for a fixed monthly payment to be made in advance every month, within 25 days of receipt of every statement.

Between July 1993 and February 17, 1994, KCMK performed a variety of legal services in connection with ERCR's defense in the wage dispute with its former waiters. These services include the preparation and filing of responses to Plaintiffs' interrogatories and document requests.

By March 2, 1994, ERCR had incurred legal bills for work done through February 17, 1994 in the amount of $166,405.45 plus interest. Despite repeated bills and requests for payment, Petitioner firm only received $8,000 in advance payments after the initial retainer. Two of ERCR's shareholders, Paul Mok and George Liu, repeatedly informed Petitioner that Mr. Wong was coming from Hong Kong with monies to make the payments.

Despite lack of payments, Petitioner firm continued to represent ERCR. On January 31, 1994, Petitioner learned from Mr. Liu that ERCR had closed on January 27, 1994. In July 1994, Petitioner learned that a restaurant operating under the name of Golden River Chinese Restaurant had opened at the same location as ERCR's former location.

On February 10, 1994, Petitioner moved for permission to withdraw as ERCR's counsel in the wage and hour litigation. This Court granted the motion on February 28, 1994. To avoid the possibility of a default judgment against ERCR, however, and because of Petitioner's inability to communicate with ERCR, Petitioner continued to defend ERCR by filing the appropriate pleadings. On March 2, 1994, Petitioner submitted its final bill to ERCR.

On August 16, 1994, KCMK filed a Petition for Fees and moved that this Court exercise its ancillary jurisdiction over the fee dispute and determine the fees owed. Petitioner asserted the following causes of action: (1) account stated; (2) breach of contract; (3) services rendered; and (4) misrepresentation regarding ability to pay.

The Defendant ERCR and its shareholders, King Sun Yee, Mable Mok, William H. Wong, Mui Wong Ng, Paul Mok, George K. Liu, Shi Xiong Wu, and Shi Yong Hu; ERCR's new counsel, Perry S. Heidecker; and ERCR's alleged successor and alter ego, Golden River Chinese Restaurant, were served with notice of the Petition on the same date. On September 15, 1994, Petitioner moved for an Order for Default Judgment pursuant to either Rule 55(b)(1) or (b)(2) of the Federal Rules of Civil Procedure. Petitioner requests $166,405.45 in compensatory damages, plus interest and costs, and punitive damages of $1,000,000.

## DISCUSSION

### I. Petitioner's Motion for an Order for Default Judgment

Petitioner law firm has moved for an Order for Default Judgment against the Respondents based on the fact that a timely answer to the Petition for Fees was not filed by counsel for the Respondents, nor any motion made to toll the time period. Three of the shareholders, Paul Mok, Mable Mok, and George K. Liu have filed an affidavit in opposition to the Motion for Default Judgment based on the following arguments: (1) No personal nor subject matter jurisdiction exists with respect to the Respondents; (2) Petitioner seeks default against persons who are not parties to the underlying action; and (3) Petitioner may not seek to recover fees in the context of this litigation. These arguments are considered herein.

#### A. *Subject Matter Jurisdiction*

##### 1. *East River Chinese Restaurant*

█ Petitioner argues that this Court has subject matter jurisdiction over its claim against ERCR for attorney's fees. The argument is that since Petitioner represented ERCR in the underlying wage and hour cause of action, the exercise of ancillary jurisdiction over its Petition for Fees is proper with respect to ERCR. This Court agrees.

."It is well settled that '[a] federal court may, in its discretion, exercise ancillary jurisdiction to hear fee disputes ... between litigants and their attorneys when the dispute relates to the main action....'" *Petition of Rosenman Colin Freund Lewis & Cohen,* 600 F.Supp. 527, 531 (S.D.N.Y.1984) (quoting *Marrero v. Christiano,* 575 F.Supp. 837, 839 (S.D.N.Y.1983); *see National Equipment Rental Ltd. v. Mercury Typesetting Co.,* 323 F.2d 784, 786 (2d Cir.1963) (federal district court may condition substitution of attorneys upon client's payment of, or provision of security for, substituted attorney's reasonable fees and disbursements).

In the instant case, there is no dispute that Petitioner was retained by ERCR in July 1993 to represent ERCR in the above-captioned case.· Petitioner represented ERCR from July 1993 until March 1994. The subject matter of this action are the fees incurred in connection with Petitioner's representation of ERCR in the underlying action. Since the fee dispute with ERCR relates to the underlying wage and hour action, it is within this Court's discretion to exercise ancillary jurisdiction over this dispute.

Several factors weigh in favor of exercising jurisdiction over the fee dispute: this Court's familiarity with the subject matter of the suit, including the amount and quality of work performed by Petitioner law firm; this Court's responsibility in protecting its own officers; the fact that the convenience of the parties would be served equally well whether the case was litigated in federal or state court. *See, e.g., Cluett, Peabody & Co., Inc. v. CPC Acquisition Company, Inc.,* 863 F.2d 251, 256 (2d Cir.1988). Accordingly, this Court has and will exercise ancillary jurisdiction over the fee dispute between Petitioner and ERCR.

**2.** While Petitioner has alleged that Paul Mok, Mable Mok, and George Liu are shareholders of ERCR, this allegation has not been substantiated by Petitioner or the Respondents. This Court will consider, however, the extent of shareholder liability in this opinion. The status of these individuals vis-à-vis ERCR shall be litigated in the action pursuant to the Fair Labor Standards Act, if necessary.

## B. *ERCR's Shareholders* [2]

Petitioner contends that this Court can exercise ancillary jurisdiction over its claim against ERCR's shareholders for attorney's fees. Petitioner alleges that because of the shareholders' "extensive involvement" in ERCR, (Reply Memorandum, Fn. 5), the shareholders are, under the Fair Labor Standards Act ("FLSA"), the same as Defendant ERCR. Because of this, Petitioner argues, the individual shareholders need not have been named as. defendants in the original cause of action.

■ Petitioner is correct in asserting that FLSA imposes liability on shareholders who exercise operational control over a corporation's day to day functions, including the compensation of employees. *See, e.g., Donovan v. Agnew,* 712 F.2d 1509 (1st Cir.1983). Such shareholders would be considered employers along with the corporation, jointly and severally liable under FLSA for unpaid wages. *See, e.g., Donovan v. Sabine Irrigation Co., Inc.,* 695 F.2d 190, 194–95 (5th Cir.1983), *cert. denied,* 463 U.S. 1207, 103 S.Ct. 3537, 77 L.Ed.2d 1387 (1983).

■ In the instant action, however, Petitioner has not alleged that the shareholders are employers within the meaning of FLSA.[3] A bare allegation, unsupported by facts, that the shareholders were actively involved in the management of ERCR is insufficient to warrant the imposition of liability on individual shareholders. Accordingly, this Court will not exercise ancillary jurisdiction over Petitioner's claim against the individual shareholders for attorney's fees. .

Moreover, Petitioner has not cited any authority, and this Court knows of none, that extends ancillary jurisdiction to an application ˙by an attorney in the main action for fees from an entity other than a party to that action.[4] In this case, ERCR's shareholders

**3.** The fact that Mr. George Liu signed the Retainer Agreement as Secretary on behalf of ERCR is not dispositive .of the issue of his managerial control over the day to day affairs of ERCR.

**4.** Petitioner cites *Argento v. Village of Melrose Park,* 838 F.2d 1483 (7th Cir.1988) in support of the exercise of ancillary jurisdiction over an action against nonparties. The holding in *Argento,* however, is limited to third-party supplemental

were not parties to the underlying FLSA action.

Finally, Petitioner argues that Section 630 of the New York Business Corporations Law ("the BCL") specifically makes the ten largest shareholders liable in wage disputes. This argument, however, is based on an incomplete reading of the statute. Section 630(a) of the BCL does impose personal liability on the ten largest shareholders of a corporation for all debts, wages, or salaries due to any of its employees, for services performed by them for such corporation. This section also states, in relevant part, the following:

> Before such laborer, servant or employee shall charge such shareholder for such services, he shall give notice in writing to such shareholder that he intends to hold him liable under this section.... An action to enforce such liability shall be commenced within ninety days after the return of an execution unsatisfied against the corporation upon a judgment recovered against it for such services.

N.Y.Bus.Corp.L. § 630(a) (McKinney 1986).

By the explicit language of the statute, the personal liability of the ten largest shareholders of a corporation is not only contingent on a judgment against the corporation for employee compensation, but is the subject of a separate action commenced within 90 days of the judgment against the corporation.

In the instant case, judgment has not been entered in the underlying wage and hour action against ERCR. The issue of shareholder liability with respect to this action is therefore procedurally premature. Since the liabilities of ERCR and its shareholders are separate inquiries under the BCL, this Court does not have ancillary jurisdiction over Petitioner's claim for fees against ERCR's shareholders.

Since this Court has no independent basis of jurisdiction over Petitioner's claim against ERCR's shareholders for attorney's fees, this claim is denied as to the individual shareholders named in the Petition for Fees.

### C. Golden River Chinese Restaurant

■ Petitioner contends that this Court can exercise ancillary jurisdiction over its claim for attorney's fees against ERCR's alleged successor and alter ego, Golden River Chinese Restaurant. Again, however, Petitioner has failed to allege facts sufficient to warrant a finding that GRCR is the successor or alter ego of ERCR.

It is undisputed that ERCR closed on or about January 27, 1994 and that GRCR began operating as a restaurant on or about February 23, 1994. It is also undisputed that GRCR opened in the same location as ERCR. In addition to these facts, Petitioner alleges that GRCR employs some of the former employees of ERCR.

■ These facts considered as a whole, however, do not warrant a finding that GRCR is a "disguised continuance" or alter ego of ERCR. *Southport Petroleum Company v. N.L.R.B.*, 315 U.S. 100, 106, 62 S.Ct. 452, 456, 86 L.Ed. 718 (1942). The alter ego doctrine focuses on whether two entities have substantially identical management, business purpose, operation, equipment, customers, supervision, and ownership. *Hageman Underground Construction*, 253 NLRB 60, 1980 WL 12563 (1980). Underlying this inquiry is whether there was an attempt by one company to circumvent its obligations under a collective bargaining agreement through a transaction with another company or through a technical change in operations. *Alkire v. NLRB*, 716 F.2d 1014, 1018 (4th Cir.1983); *Watt Electric Co.*, 273 NLRB 655, 658, 1984 WL 37058 (1984). Once such an attempt has been established, an alter ego successor may be derivatively liable for all the legal and contractual obligations of the predecessor. *Southeastern Envelope Co.*, 246 NLRB 423, 1979 WL 10154 (1979).

In the instant case, GRCR and ERCR share similar names, locations and business purposes. It is unclear whether any of

claims in which the third party's liability to the defendant is related to the original cause of ac-

tion. *Id.* at 1490.

GRCR's employees are former employees of ERCR. There is no evidence, however, that GRCR's managers or owners were former managers or owners of ERCR. In fact, GRCR's sole shareholder, Mr. Kwok Shui Wong, was not a shareholder of ERCR, nor was he involved in the management of ERCR. There is also no evidence that the directors of ERCR play a role in the management of GRCR. Finally, Petitioner has not alleged that GRCR was created in order to avoid the effect of labor laws. In short, the sparse factual allegations of Petitioner are simply inadequate as a basis on which a legal connection between ERCR and GRCR may be forged.

### D. *Personal Jurisdiction*

The Respondents Mok, Mok and Liu argue that Petitioner's Motion for a Default Judgment should be denied because service of the Petition was improper under both federal and state procedural law. Having found that this Court does not have ancillary subject matter jurisdiction over Petitioner's claims against ERCR's shareholders and GRCR, this Court need not entertain the issue of personal jurisdiction over these Respondents.

With respect to ERCR, this Court affirms that it does have personal jurisdiction over ERCR in accordance with Rule 4 of the Federal Rules of Civil Procedure.

### E. *Default Judgment*

Petitioner argues that a default judgment should be entered in this action for attorney's fees because of Respondents' failure to respond to its Petition. Since this Court does not have ancillary jurisdiction over Petitioner's claim against ERCR's shareholders and GRCR, this Court will only address the entry of a default judgment against ERCR.

Rule 55(a) provides for default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED.R.CIV.P. 55(a). When a judgment for default is not for a "sum certain," the default cannot be entered without establishing "the truth of any averment." FED.R.CIV.P. 55(b).

A defaulting defendant admits every well-pleaded allegation of the complaint. *Trans World Airlines, Inc. v. Hughes,* 449 F.2d 51, 63 (2d Cir.1971), *rev'd on other grounds,* 409 U.S. 363, 93 S.Ct. 647, 34 L.Ed.2d 577 (1973); *Deshmukh v. Cook,* 630 F.Supp. 956, 959 (S.D.N.Y.1986). Although the default establishes a defendant's liability, unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded. *Securities Exchange Comm'n v. Management Dynamics, Inc.,* 515 F.2d 801, 814 (2d Cir.1975); *see also Deshmukh,* 630 F.Supp. at 959 (the factual allegations of the complaint relating to liability are taken as true, but the allegations relating to the amount of damages are not).

When an application is made to a court under Rule 55(b)(2) for the entry of a judgment by default, a district judge is required to exercise his "sound judicial discretion" in determining whether the judgment should be entered. Factors that may be considered in making a determination include the amount of money potentially involved; whether material issues of fact exist; whether the default is largely technical; whether the moving party has been substantially prejudiced by the delay involved; how harsh an effect a default judgment might have; and whether the court thinks it would be obliged to set aside the default on defendant's motion. WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2685.

Having considered the relevant facts of this action as a whole, this Court will not enter a default judgment against ERCR. Given ERCR's failure to respond to the allegation that it has only made partial payment to KCMK for legal fees incurred in the litigation of this wage and hour action, however, this Court grants KCMK's Petition for Fees. There is insufficient evidence before this Court with respect to the amount of fees incurred by ERCR during the period in which it was represented by KMCK. Accordingly, this Court refers KCMK and ERCR to Magistrate Judge Azrack for a determination of the amount of attorney's fees.

## II. Plaintiff's Motion for Sanctions

This Court referred Plaintiffs' motion for sanctions against Defendant, ERCR, to Magistrate Judge Azrack for a Report and Recommendation. No objections to this Report have been filed.

After reviewing the record, this Court hereby affirms and adopts the Report and Recommendation issued by Magistrate Judge Azrack on December 22, 1994 in the above-referenced matter. Accordingly, Plaintiffs' motion for sanctions is GRANTED, but the relief requested is DENIED.

### CONCLUSION

Based on the foregoing, the Court hereby (1) DENIES Petitioner's motion for an Order for Default Judgment on its Petition for Fees against ERCR, ERCR's shareholders, and GRCR; (2) GRANTS KCMK's Petition for Fees, and refers KCMK and ERCR to Magistrate Judge Azrack for a determination of the attorney's fees owed; and (3) GRANTS Plaintiffs' motion for sanctions against ERCR for failure to comply with discovery, but denies the relief requested, consistent with Magistrate Azrack's Report and Recommendation in this case.

SO ORDERED.