**JOE HAND PROMOTIONS, INC., Plaintiff,**

v.

**Mohammed B. ABU ZAHRI, Individually and as a principal of XYZ Corp., Inc., d/b/a Casablanca Restaurant a/k/a Casablanca's; XYZ Corp., Inc., d/b/a Casablanca Restaurant a/k/a Casablanca's; Steven B. Nekos, Individually and as a principal of Steven B. Nekos, Inc. d/b/a Hurley Mountain Inn; Steven B. Nekos, Inc. d/b/a Hurley Mountain Inn; Tony DeRoberts, Jr., Individually and as a principal of Lyncourt Grill Inc. d/b/a The Lyncourt Grille; Lyncourt Grill Incorporated d/b/a The Lyncourt Grille; Francis Michael Sladick, Individually and as a principal of XYZ Corp., said name being fictitious, the true name being unknown to plaintiff d/b/a Mikey's a/k/a Mikey's Tavern; XYZ Corp., Inc., said name being fictitious, the true name being unknown to plaintiff, d/b/a Mikey's a/k/a Mikey's Tavern; Steven C. Seymour, Individually and as a principal of Union Station Corp. a/k/a Union Station d/b/a Pier Restaurant; Bernice E. Drozd, Individually and as a principal of XYZ Corp., Inc., said name being fictitious, the true name being unknown to plaintiff, d/b/a TJ'S Pizza & Pasta a/k/a TJ'S Pizza; XYZ Corp., Inc., said name being fictitious, the true name being unknown to plaintiff, d/b/a TJ's Pizza & Pasta a/k/a TJ'S Pizza, Defendants.**

No. 96–CV–706 (FJS).

United States District Court,
N.D. New York.

Aug. 1, 1997.

Office of Wayne D. Lonstein, Ellenville, NY, Wayne D. Lonstein, of counsel, for Plaintiff.

## MEMORANDUM-DECISION AND ORDER

SCULLIN, District Judge.

### Introduction

This is an action alleging an unauthorized use of communications in violation of 47 U.S.C. § 605, tortious interference with Plaintiff's closed circuit television distribution rights, and common law conversion. Plaintiff alleges that the Defendants unlawfully intercepted and exhibited the Michael Tyson v. Peter McNeeley professional boxing match on August 19, 1995, for the purpose of commercial advantage and private financial gain, and with full knowledge that the program was not to be received or exhibited without authorization.

Presently before the Court are Plaintiff's motions for judgment by default against Defendants Mohammed B. Abu Zahri, and XYZ Corp., Inc. D/B/A Casablanca's Restaurant (herinafter "Casablanca's Restaurant"), pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Plaintiff seeks $11,000 in statutory damages, and $1,175 in attorney's fees and costs against each of these Defendants.

### Discussion

As an initial matter, the Court notes that Plaintiff has failed to file proof of service as to Defendant Mohammed B. Abu Zahri. Consequently, the Clerk's entry of Default as to Mohammed B. Abu Zahri, entered January 30, 1997, must be vacated, and Court will address Plaintiff's motion for judgment by default against Defendant Casablanca's Restaurant only.

Entry of judgment by Default under Rule 55(b)(2) of the Federal Rules of Civil Procedure is a matter left to the sound discretion of the Court. "[D]efaults are generally not favored, particularly where the case presents issues of fact." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir.1993). Courts consider a number of factors when deciding whether to enter judgment by default including: (1) the amount of money potentially involved, (2) whether material issues of fact exist, (3) whether the default is largely technical, (4) whether the moving party has been substantially prejudiced by the delay, (5) how harsh of an effect an default judgment might have, and (6) whether the court would be obliged to set aside the default on the defendant's motion. *Wing v. East River Chinese Restaurant*, 884 F.Supp. 663, 669 (E.D.N.Y.1995) (citing 10 Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice And Procedure, § 2685 (1983)).

In this case, the record reveals that on May 17, 1996, Casablanca's Restaurant was properly served with a summons and complaint, and on January 30, 1997, Plaintiff obtained an entry of default from the Clerk of the Court based upon Casablanca's failure to plead or otherwise defend this action.

Turning to the factors outlined above, the Court finds that the $12,175 in damages, costs and attorney's fees the Plaintiff seeks is not excessively large sum. Moreover, the Court does not know if material issues of fact exist because the Defendant has completely failed to plead or otherwise defend this action. In addition, while there is no indication in the record that the Plaintiff has suffered any extraordinary prejudice as a result of the Defendant's default, the record is also devoid of any information regarding the harshness of a judgment against the Defendant (although the Defendant appears to be a small business).

Under the sixth factor, whether the Court would be obliged to set aside the Default on the defendant's motion, the Court must apply a three-part test: (1) whether the default was willful, (2) whether setting aside the judgment would prejudice the adversary, and

(3) whether a meritorious defense is presented. *Enron Oil Corp.*, 10 F.3d at 96.

In this case, Plaintiff alleges that the Defendant's conduct was wilful. However, there is no readily apparent prejudice that the Plaintiff would suffer if the default was set aside, nor has the Defendant presented a defense which the Court can evaluate on the merits. After carefully considering all six factors outlined above, the Court finds that Plaintiff's motion for a judgment by default against Casablanca's Restaurant should be granted.

 Having determined that Plaintiff is entitled to judgment by default, the Court must now address the issue of damages. Rule 54(c) provides: "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." Pursuant to 47 U.S.C. § 605(e)(3)(c)(i) & (ii), an aggrieved party may recover an award of statutory damages for each violation in a sum not less than $1,000 or more than $10,000 as the court considers just. Additionally under 47 U.S.C. § 605(e)(3)(c)(ii) the court may increase the award of damages to an amount not more than $100,000 for each violation, if the Court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain.

In its complaint, Plaintiff alleges that the Defendants' conduct was wilful, and seeks a total of $210,000 in damages, attorney's fees, and costs. However, as stated, in this motion Plaintiff seeks only $11,000 in statutory damages, and $1,175 in attorney's fees and costs, against Casablanca's Restaurant. After carefully considering the matter, the Court finds that Plaintiff's request for $11,000 in statutory damages is appropriate, and that Plaintiffs request for $1,175 in attorney fees and costs is reasonable.

### Conclusion

In light of the above, it is hereby

ORDERED that the Clerk's entry of default as to Defendant Mohammed B. Abu Zahri is VACATED; and it is further

ORDERED that Plaintiff's motion for judgment by default as to Defendant Mo-

hammed B. Abu Zahri is DENIED; and it is further

ORDERED that Plaintiff's motion for a judgment by default against Defendant Casablanca's Restaurant in the amount of $12,175.00, plus pre-judgment interest from August 19, 1995 to the present is GRANTED, and the Clerk of the Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**