BRIARPATCH LIMITED, L.P. and
Gerard F. Rubin, Plaintiffs,

v.

GEISLER ROBERDEAU, INC., Phoenix Pictures, Inc., and Morris 'Mike' Medavoy, Defendants.

No. 99 Civ. 9623(RWS).

United States District Court,
S.D. New York.

Sept. 24, 2007.

Barry L. Goldin, Esq., Allentown, PA, for Plaintiffs.

## OPINION & ORDER

ROBERT W. SWEET, District Judge.

Plaintiffs Briarpatch Ltd., L.P. ("Briarpatch") and Gerard F. Rubin ("Rubin") (collectively, the "Plaintiffs") have moved pursuant to Federal Rule of Civil Procedure 55 for default judgment against defendant Geisler Roberdeau, Inc. ("Defendant" or "GRI"). For the reasons set forth below, the motion is granted in part, and the Clerk of the Court is ordered to enter default against GRI.

### Prior Proceedings

The prior proceedings in this action and the litigation relating to Briarpatch were described in *Briarpatch Limited, L.P. and Gerard F. Rubin v. Geisler Roberdeau, Inc., et al.*, No. 99 Civ. 9623(RWS), 2007 WL 1040809 (S.D.N.Y. Apr. 4, 2007) (granting summary judgment to defendants Phoenix Pictures, Inc. and Morris "Mike" Medavoy), and *Briarpatch Limited, L.P. and Gerard F. Rubin v. Geisler Roberdeau, Inc., et al.*, No. 99 Civ. 9623(RWS), 2002 WL 31426207 (S.D.N.Y. Oct. 30, 2002) (same).

### Discussion

Under Federal Rule of Civil Procedure 55(a):

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

FED.R.CIV.P. 55(a). Plaintiffs' counsel has submitted an affidavit in support of the instant motion, asserting that GRI "has not answered nor otherwise moved . with respect to the First Amended Complaint, and the time for it to answer or otherwise move with respect to the First Amended Complaint has expired." (*See* Affidavit of Barry I. Goldin, Esq., Aug. 20, 2007 ("Goldin Aff."), ¶ 25.) Plaintiffs' counsel has also asserted by affidavit that GRI was properly served with the First Amended Complaint on November 14, 2005, and with Notice of Service on November 30, 2005. (*See id.* at ¶¶ 23–24 & Exs. 12–13.) These assertions are all consistent with the docket report for this case. Accordingly, the Clerk of Court is hereby ordered to enter a default as to GRI.

Where a party has appeared in the action,[1] the party seeking judgment by default against that party "shall apply to the court therefor," Fed.R.Civ.P. 55(b)(2), as Plaintiffs here have done. Furthermore, pursuant to Rule 55(b)(2):

If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application.

FED.R.CIV.P. 55(b)(2). Attached to Plaintiffs' Memorandum of Law in support of the instant motion is an Affirmation of

---

1. Counsel appeared on behalf of GRI at a November 3, 1999 proceeding in this action. (*See* Goldin Aff. ¶ 18 & Ex. 10.) Although this Court dismissed GRI from the case in March 2000, *see Briarpatch Ltd., L.P. v. Geisler Roberdeau, Inc.*, No. 99 Civ. 9623(RWS), 2000 WL 235284, at *4 (S.D.N.Y. Mar. 1, 2000), that decision was vacated by the Second Circuit Court of Appeals, *see Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 310 (2d Cir.2004), after which Plaintiffs were granted leave to file an amended complaint, *see Briarpatch Ltd., L.P. v. Geisler Roberdeau, Inc.*, No. 99 Civ. 9623(RWS), 2005 WL 2861604, at *2 (S.D.N.Y. Nov. 1, 2005).

Service, which indicates that Plaintiffs' motion papers were served by Federal Express next business day delivery on GRI and counsel for defendants Phoenix Pictures, Inc. ("Phoenix") and Morris "Mike" Medavoy ("Medavoy"). Although the Affirmation of Service does not indicate the date on which the papers were deposited with Federal Express, the motion papers were dated August 20, 2007, and the Affirmation of Service was dated August 20, 2007. Therefore, the papers could not have been deposited with Federal Express later than August 20, 2007, and were therefore presumably delivered to GRI on August 21, 2007. The motion was made returnable on September 12, 2007. Plaintiffs are therefore deemed to have complied with the notice requirement of Rule 55(b)(2).

■ In determining whether a default judgment should be entered under Rule 55(b)(2), courts are to exercise sound judicial discretion. *See Shah v. New York State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir.1999); *Badian v. Brandaid Commc'ns Corp.*, No. 03 Civ. 2424(DC), 2004 WL 1933573, at *2 (S.D.N.Y. Aug. 30, 2004); *Diversified Fin. Sys., Inc. v. Tomich Corp.*, No. 95 Civ. 4211, 1997 WL 177873, at *3 (E.D.N.Y. Mar. 28, 1997); *Wing v. East River Chinese Restaurant*, 884 F.Supp. 663, 669 (E.D.N.Y.1995). Various factors may be considered in making the determination, including:

> [T]he amount of money potentially involved; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt. Furthermore, the court may consider how harsh an effect a default judgment might have; or whether the default was caused by a

good-faith mistake or by excusable or inexcusable neglect on the part of the defendant.

*Badian*, 2004 WL 1933573, at *2 (quotation marks and citation omitted); *see also Wing*, 884 F.Supp. at 669.

■ The grounds for default judgment have been established in this case. GRI has failed to plead or otherwise defend in this action. No substantive material issues of fact appear to be in dispute, and, on this record, it appears unlikely that GRI would be able to demonstrate the good cause necessary to vacate a default judgment pursuant to Rule 55(c), Fed. R.Civ.P. Moreover, no issues of substantial public importance have been identified in this action. In light of GRI's failure to participate in this case, entry of default judgment is appropriate.

In addition, the Second Circuit has instructed that this Court has the power to hear all of the state law claims against GRI, even if it were to be determined that the Court does not have copyright jurisdiction over the trover and conversion and unjust enrichment claims. *See Briarpatch Ltd., L.P.*, 373 F.3d at 308. Furthermore, pursuant to 28 U.S.C. § 1367(c), this Court has already exercised supplemental jurisdiction over Plaintiffs' state law claims against the other defendants in this action. *See Briarpatch Ltd., L.P.*, 2007 WL 1040809, at *21. Therefore, with some reservation, this Court exercises supplemental jurisdiction over the state law claims against GRI as well in order to address the instant motion.

■ "Although the default establishes a defendant's liability, unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded." *Wing*, 884 F.Supp. at 669 (citing *S.E.C. v. Mgmt. Dynamics*,

**4**

*Inc.,* 515 F.2d 801, 814 (2d Cir.1975)). Rule 55(b)(2) provides:

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper. . . .

FED.R.CIV.P. 55(b)(2).

The Second Circuit has repeatedly held that it is not necessary for the district court to hold a hearing "as long as it ensured that there was a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir.1997) (quoting *Fustok v. ContiCommodity Servs., Inc.,* 873 F.2d 38, 40 (2d Cir.1989); citing *Tamarin v. Adam Caterers, Inc.,* 13 F.3d 51, 54 (2d Cir.1993); *Action S.A. v. Marc Rich & Co., Inc.,* 951 F.2d 504, 508 (2d Cir.1991)). According to the Second Circuit, a district court may rely on "detailed affidavits and documentary evidence supplemented by the District Judge's personal knowledge of the record, gained during . . . years of involvement with the litigation." *Fustok,* 873 F.2d at 40.

Here, Plaintiffs are seeking an order granting default judgment against GRI for: (1) damages of at least $1,500,000 and interest thereon at the statutory rate of nine percent per annum since July 18, 1997; (2) an accounting and all supporting documents; (3) imposition or confirmation of a constructive trust and a constructive or equitable lien; (4) disgorgement and restitution; (5) reasonable attorneys' fees

and costs; and (6) such other and further relief as the Court deems "just and proper." (Notice of Motion, Aug. 20, 2007, 2–3.) This relief is the same in kind and amount as was demanded in judgment on Counts One through Four of the First Amended Complaint, (*see* Goldin Aff. Ex. 1, 45–46), and is therefore in compliance with Rule 55(d), Fed.R.Civ.P.[2]

Here, there is a sufficient basis for the $1,500,000 in damages being sought. This Court has previously found that "[p]ursuant to the Phoenix TRL Acquisition Agreement, Phoenix agreed to pay $800,000 to acquire the TRL Motion Picture Rights and $600,000 for producer fees, and to forgive repayment of a $100,000 loan Medavoy had made pursuant to an earlier agreement with the Geisler/Roberdeau Parties" and that "GRI was the entity that directly received payments from Phoenix in connection with Phoenix's acquisition of the TRL Motion Picture Rights and the production of the TRL movie." *Briarpatch Ltd., L.P.,* 2007 WL 1040809, at *6.

In addition, Plaintiffs have submitted the deposition testimony of Robert M. Geisler ("Geisler") in which he confirmed that GRI received a $100,000 wire transfer from Medavoy on March 31, 1995; a $300,000 wire transfer from Phoenix on August 27, 1996; a $250,000 wire transfer from Phoenix on October 30, 1996; a $100,000 wire transfer from Phoenix on April 16, 1996; a check in the amount of $12,920.21 from The Thin Red Line Production/Phoenix in response to a May 1, 1997 request; a check dated April 24, 1997, in the amount of $27,298.94 from The Thin Red Line Production/Phoenix; and two additional checks in the amounts of

---

**2.** Pursuant to Rule 55(d), Fed.R.Civ.P., "a judgment by default is subject to the limitations of Rule 54(c)," which states in relevant part that "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." FED.R.CIV.P. 54(c).

$430,909.10 and $1,955.00 from Phoenix attached to a July 18, 1997 letter. (*See* Goldin Aff. Ex. 14.) In all, Geisler's deposition testimony confirmed $1,223,083.25 in payments received by GRI from Medavoy and Phoenix. Plaintiffs have also submitted the trial testimony of John Roberdeau ("Roberdeau"), in which Roberdeau indicated that GRI was the corporation to which *The Thin Red Line* money went. (*See* Goldin Aff. Ex. 5, at 526:14–17 & 615:16–617:14.)

■ It has not been established that, under the Limited Partnership Agreement between Rubin and Geisler and Roberdeau, (*see* Exhibits to the First Amended Complaint), Plaintiffs would have been entitled to all of the $1,500,000 in funds received by GRI from Phoenix and Medavoy. However, damages related to a breach of fiduciary duty may be comprised of either the loss to the plaintiff(s) or the benefit derived by the defendant(s). *See In re Louis Frey Co., Inc.*, Nos. 06 Civ. 7587(RMB), 7588(RMB), 2007 WL 924206, at *6–7 (S.D.N.Y. Mar. 26, 2007) ("[i]n addition to its consequential damages, the aggrieved party is entitled to recover the amount of the ill-gotten gains realized as a result of the breach." (internal quotation omitted)).

■ There is also a sufficient basis for awarding interest on the damage award from July 18, 1997, at the statutory rate of nine percent per annum. New York law provides for the awarding of both prejudgment and postjudgment interest at the statutory rate of nine percent per annum in the context of breach of fiduciary duty and conversion claims, *see A I Marine Adjusters, Inc. v. M/V Siri Bhum*, No. 05 Civ. 7227(LBS)(THK), 2007 WL 760415, at *5, *8 (S.D.N.Y. Feb. 8, 2007), as evidenced by the award of interest against Geisler and Roberdeau in the order and judgment entered on October 14, 1999, in the original action, a copy of which has been submitted as an exhibit to the Goldin Affidavit in support of the instant motion, (*see* Goldin Aff. Ex. 4, at 2). Prejudgment interest is calculated "from the earliest ascertainable date on which the cause of action existed." *See AI Marine Adjusters, Inc.*, 2007 WL 760415, at *5. In this case, the cause of action existed on the date that the proceeds had been received by GRI, or July 18, 1997. (*See* Goldin Aff. Ex. 4, at 2; *id.* Ex. 14, at 468:25–470:7.)

Plaintiffs have not, however, established any basis with respect to authority or amount for the award of attorneys fees and costs.

Accordingly, Plaintiffs are directed to submit to this Court within thirty (30) days of entry of this opinion and order such materials as are necessary to establish the authority for and amount of an award of reasonable attorneys' fees and costs, if any, as well as any of the other relief being sought. Plaintiffs are further directed to submit to this Court within thirty (30) days of entry of this opinion and order a proposed order of default judgment.

Upon receipt of Plaintiffs' submissions, the Court will determine if a hearing is necessary to make an investigation of any matter prior to entry of judgment in this action.

### Conclusion

For the foregoing reasons, the Clerk of the Court is ordered to enter a default as to defendant GRI and Plaintiffs are directed to submit materials as set forth above within thirty (30) days of entry of this opinion and order.

It is so ordered.