In the Matter of Jerry Lee REDMOND, Jr., and Denice Michelle Redmond, Debtors.

Target National Bank, Plaintiff,

v.

Denice Michelle Redmond, Defendant.

Bankruptcy No. 08–31340.
Adversary No. 08–3070.

United States Bankruptcy Court,
N.D. Indiana,
South Bend Division.

Nov. 26, 2008.

Lawrence G. Reinhold, Esq., Weinstein & Riley, Huntington Woods, MI, for plaintiff.

Denice Michelle Redmond, Elkhart, IN, pro se.

## MEMORANDUM OF DECISION

HARRY C. DEES, JR., Chief Judge.

Before the court is the Motion for Entry of Judgment upon Default filed by plaintiff Target National Bank ("plaintiff" or "Bank"), a credit card bank holding a claim in the bankruptcy case of Jerry Lee Redmond, Jr. and Denice Michelle Redmond. The Bank had filed a "Complaint to Determine the Non–Dischargeability of Debt to Target National Bank" against the debtor Denice Michelle Redmond ("defendant" or "debtor"), asking the court to find that her debt of $5,015.30 was nondischargeable pursuant to 11 U.S.C. § 523(a)(1) and/or (2). The debtor failed to respond to the Complaint or to the Clerk's Entry of Default. The Bank now seeks a default judgment in its favor. For the reasons that follow, the court grants the Motion.

### Jurisdiction

Pursuant to 28 U.S.C. § 157(a) and Northern District of Indiana Local Rule 200. 1, the United States District Court for the Northern District of Indiana has re-

ferred this case to this court for hearing and determination. After reviewing the record, the court determines that the matter before it is a core proceeding within the meaning of § 157(b)(2)(I) over which the court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(1) and 1334. This entry shall serve as findings of fact and conclusions of law as required by Federal Rule of Civil Procedure 52, made applicable in this proceeding by Federal Rules of Bankruptcy Procedure 7052 and 9014. Any conclusion of law more properly classified as a factual finding shall be deemed a fact, and any finding of fact more properly classified as a legal conclusion shall be deemed a conclusion of law.

### Background

This was a straightforward no-asset chapter 7 case. The debtor and her husband filed a voluntary petition under chapter 7 of the Bankruptcy Code on April 23, 2008. They listed Target National Bank on Schedule F as an unsecured creditor holding a claim of $6,535.13. The debtors were granted a discharge under § 727 of the Bankruptcy Code on August 11, 2008, and the main bankruptcy case was closed August 18, 2008.

On August 2, 2008, the Bank filed a timely "Complaint to Determine the Non–Dischargeability of Debt" owed to the Bank. R. 1. The debt at issue is a credit card charge made by the debtor Denice Michelle Redmond on March 18, 2008, 43 days before she and her husband filed the chapter 7 petition.[1] The credit card pay-

ment was made to the Elkhart County Government in the amount of $5,015.30. According to the Complaint, the charge was made to pay a property tax and was not necessary for the support of the debtor or a dependent of the debtor. The account balance, as of the bankruptcy filing, was $6,612.89. The Complaint alleged that the debt was nondischargeable on the grounds that the debtor obtained that extension of credit by false pretenses, pursuant to 11 U.S.C. § 523(a)(2), and that she incurred a charge on the account for the payment of a property tax incurred before the commencement of the case and last payable without penalty after one year before the date the petition was filed, pursuant to 11 U.S.C. § 523(a)(1). The Bank sought a judgment in its favor in the amount of $5,015.30 plus accrued interest. According to the Certificate of Service, service of the summons and a copy of the Complaint was sent on August 2, 2008, by first class United States mail to the debtor, at the address listed on the petition, and to her bankruptcy attorney.[2] The debtor filed no answer or response to the Complaint. On September 15, 2008, the Clerk's Entry of Default was issued; again, the debtor did not respond.

On October 23, 2008, the plaintiff moved for entry of Judgment upon Default. It stated that the Bank granted to the debtor an extension of consumer credit through a credit card, that she created a balance due and owing of $6,612.89, and that she did not schedule the debt as disputed. It con-

1. The name of the account holder on the "Statement Facsimile" attached to the Complaint is "Denice Bacon," not "Denice Michelle Redmond," the debtor herein. However, the mailing address of the account holder is identical to the address listed on the bankruptcy petition, and the debtors list this debt to the Bank on their schedules. Importantly, there has been no denial that "Denice Bacon" and "Denice Michelle Redmond" are the same person. Thus, the court deems this account statement to be the statement of the debtor's credit card debt.

2. Anita K. Gloyeski, Esq., counsel for the debtors, received notice of the Complaint. However, she does not represent the debtor Denice Michelle Redmond in this adversary proceeding.

tended that the $5,015.30 charge made on March 18, 2008 was payment for a property tax, a nondischargeable debt under § 523(a)(1). It also argued that the debt was a "consumer debt" for personal, family or household use, as defined by § 101(8), incurred for goods or services not reasonably necessary for the support or maintenance of the debtor or her dependent, and presumed to be nondischargeable under § 523(a)(2)(C)(i)(I). The Bank asked the court to determine that the debt at issue be declared nondischargeable under either provision.

Attached to the Motion was a brief supporting it. Also appended was an Affidavit, in which counsel for the Bank declared that the defendant was served a true copy of the Complaint and summons by first class mail and that she neither filed an answer nor requested an extension of time for response. The attorney also certified that the defendant did not file a statement of military service and that the Department of Defense Manpower Data Center had no information that a person with the defendant's name or social security number was currently on active duty in the military. There has been no response to the Motion from the debtor.

### Discussion

The Bank asks the court to enter default judgment against the defendant debtor because she failed to plead or to defend her position. As the plaintiff recognized in its Brief, Rule 7055 of the Federal Rules of Bankruptcy Procedure governs defaults. That bankruptcy rule applies Rule 55 of the Federal Rules of Civil Procedure in adversary proceedings. *See Lowe v. McGraw–Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir.2004) (noting distinction between "entry of default" under Rule 55(a) and "judgment by default" under Rule 55(b)). In this case, the Clerk of the Bankruptcy Court entered the defendant's default on September 15, 2008, after the defendant failed to respond to the Complaint. *See* Fed.R.Civ.P. 55(a).[3] The plaintiff's present request for a default judgment is covered by Rule 55(b)(2).[4]

The plaintiff must fulfill several procedural requirements to be entitled to a default judgment. First, it must duly serve the summons and complaint. *See Educ. Credit Mgmt. Corp. v. Mersmann (In re Mersmann)*, 505 F.3d 1033, 1043 (10th Cir.2007). The service of process requirements, when serving a debtor, are governed by Bankruptcy Rule 7004(b), which provides that service may be made "by first class mail postage prepaid" upon a debtor in this manner: "by mailing a copy of the summons and complaint to the debtor at the address shown in the petition or to such other address as the debtor may

---

**3.** Rule 55 provides for the entry of default:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
> Fed.R.Civ.P. 55(a).

**4.** In pertinent part, Rule 55(b)(2) provides that a court may enter a judgment by default as follows:

> Rule 55(b) (2) ... [T]he party must apply to the court for a default judgment.... If the

party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.
> Fed.R.Civ.P. 55(b)(2).

designate in a filed writing." Fed. R. Bankr.P. 7004(b)(9). Both the debtor and the attorney must be served, and service by first class mail is considered "constitutionally adequate notice of suit" under the rule. *Bak v. Vincze (In re Vincze)*, 230 F.3d 297, 299 (7th Cir.2000) (per curiam) (citing cases).

According to the record, the plaintiff served the debtor at the address shown in the petition. The record also indicates that the only address provided by the debtor or her bankruptcy attorney was the address on the petition; no statement of a change of the debtor's address, required under Bankruptcy Rule 4002(a)(5), was filed. Since no undelivered mailings were returned to the court, the court finds that there was effective service of process on the defendant.[5] The court also determines that the Clerk's Entry of Default was duly served.

■ Another procedural requirement for a plaintiff, upon a defendant's default, is the filing of affidavits. The plaintiff first must submit a sworn statement requesting a clerk's entry of default that verifies (a) that the defendant was served properly with the Complaint, summons, and notice of service; (b) that the defendant did not answer, defend, or respond to the Complaint; and (c) that the time for a response had expired. Such an affidavit is mandated under Federal Rule of Civil Procedure 55(a) and Federal Rule of Bankruptcy Procedure 7055. *See, e.g., Blake v. Trutwein (In re Trutwein)*, 381 B.R. 417, 2007 WL 4467569 at *2 (9th Cir. BAP 2007); *Briarpatch Ltd., L.P. v. Geisler Roberdeau, Inc.*, 513 F.Supp.2d 1, 2 (S.D.N.Y.2007); *O'Callaghan v. Sifre*, 242 F.R.D. 69, 74 (S.D.N.Y.2007); *King v. CAVA Inc. (In re King)*, 270 B.R. 783, 784 (Bankr.N.D.Ala. 2001).

■ A motion for default judgment, under Rule 55(b), requires an affidavit supporting the motion that states facts demonstrating the defendant's non-military status. The affidavit must comply with the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C.App., § 501 et seq., which requires an affidavit in order to obtain a judgment by default against an individual. The purpose of the Act is "to prevent default judgments from being entered against members of the armed services in circumstances where they might be unable to appear and defend themselves." *United States v. Kaufman*, 453 F.2d 306, 308–09 (2nd Cir.1971). The Act applies in bankruptcy cases. *See Toyota Motor Credit Corp v. Montano (In re Montano)*, 192 B.R. 843, 845 (Bankr.D.Md.1996).

In this case, the plaintiff filed a single affidavit that covered the purposes of both. Counsel for the plaintiff declared under oath that the defendant was properly served and that she neither filed an answer nor a request for extension of time. He further verified that the defendant did not file a statement of military service and was not identified in the records of the Department of Defense Manpower Data Center. Plaintiff's counsel thus provided the required facts to support and satisfy the affidavit. The court finds, therefore, that plaintiff's counsel, through the affidavit, has sufficiently demonstrated the proper service and default of the defendant. It thus deems the plaintiff's factual allegations in the Complaint to be admitted by the defendant as true. *See* Fed.R.Civ.P. 8(b)(6); Fed. R. Bankr.P. 7008.

■ Nevertheless, a defendant's failure to respond "does not automatically entitle a plaintiff to entry of a default judgment." *Capital One Bank v. Bungert (In re Bungert)*, 315 B.R. 735, 736 (Bankr.

---

**5.** The court also finds that service was timely. *See* Fed. R. Bankr.P. 7004(e), (g).

E.D.Wis.2004) (citation omitted). The court's entry of a judgment by default itself is discretionary. *See Sun v. Board of Trustees of U. IL.*, 473 F.3d 799, 809 (7th Cir.), *cert. denied,* —— U.S. ——, 127 S.Ct. 2941, 168 L.Ed.2d 262 (2007); *Stafford v. Mesnik,* 63 F.3d 1445, 1450 (7th Cir.1995). It may be denied when the facts are insufficient to support the claim in the complaint.

In [bankruptcy, as in] traditional civil litigation, the defendant's failure to respond to a complaint against it does not mean that the plaintiff is entitled to the relief it seeks. Instead, the default is nothing more than an admission of the well pleaded factual allegations contained in the complaint. Before the plaintiff is entitled to the entry of judgment in its favor, those allegations must still state a legitimate claim for relief. Consequently, in passing upon a request for a default judgment, the court has a duty to examine those allegations and satisfy itself that the entry of judgment based upon them would be appropriate.

*In re Taylor,* 289 B.R. 379, 382 (Bankr. N.D.Ind.2003). The court has "broad discretion to conduct such hearings and receive evidence that it deems proper before entering a default judgment." *Mega Marts, Inc. v. Trevisan (In re Trevisan),* 300 B.R. 708, 713 (Bankr.E.D.Wis.2003) (citing Bankruptcy Rule 7055(b)(2) and cases). A plaintiff must prove a *prima facie* case of the allegations in a complaint in order to succeed on a motion for default judgment. *See In re Bungert,* 315 B.R. at 737; *In re Trevisan,* 300 B.R. at 715.

 The remaining question, therefore, is whether the allegations of the Complaint are sufficiently pled to prove a *prima facie* case and to support the relief the Complaint seeks—that the debt owed by the debtor to the Bank is nondischargeable. Section 523(a)(1)(A) of the Bank-ruptcy Code "does not discharge an individual debtor from any debt for a tax" of the kind specified in § 507(a)(8). Section 507(a)(8), in turn, lists taxes granted priority in distribution. It provides that allowed unsecured claims of governmental units are given priority—and therefore rendered exempt from discharge by § 523(a)(1)(A)—to the extent that such claims are for "a property tax incurred before the commencement of the case and last payable without penalty after one year before the date of the filing of the petition." § 507(a)(8)(B). *See United States v. Frontone,* 383 F.3d 656, 658 (7th Cir.2004); *Louisiana Dept. of Revenue & Taxation v. Lewis (In re Lewis),* 199 F.3d 249, 251 (5th Cir.2000).

Duplicating the language of § 507(a)(8)(B), the plaintiff alleged in the Complaint and the Motion that the debtor incurred a charge for a property tax that was "incurred before the commencement of the case" and that was "last payable without penalty after one year before the date of the filing of the petition." The debtor, by failing to respond, has admitted those facts, and the court has deemed them to be true. The court finds, therefore, that this charge on the Bank's credit card account was made in payment of a property tax that is entitled to priority treatment and that falls within the scope of debts excepted from discharge under § 523(a)(1)(A). *See Frontone,* 383 F.3d at 662 ("Section 523(a)(1)(A) incorporates the list of tax claims from section 507 and pronounces them nondischargeable...."). It is clear that, if the debtor had not paid the property tax by using the Bank's credit card charge account, she would have been required to pay it in the bankruptcy case. The court thus determines that the allegations of this Complaint are well pled, have merit, and serve as a sufficient basis for the entry of a judgment of nondischargeability under § 523(a)(1)(A). Hav-

ing found that the debt owed by the debtor to the Bank is nondischargeable under § 523(a)(1)(A), the court need not consider whether it is nondischargeable under § 523(a)(2).

■ The court also determines that the amount claimed by the plaintiff is a sum certain. It is " 'capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits.' " *e360 Insight v. The Spamhaus Project,* 500 F.3d 594, 602 (7th Cir.2007) (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319, 1323 (7th Cir.1983)). The debt excepted from discharge is in the amount of $5,015.30 plus costs of $250.00. The court therefore grants the Bank's Motion for Default Judgment and enters judgment in favor of the plaintiff and against the defendant in the total amount of $5,265.30.

### Conclusion

For the reasons presented in this Memorandum of Decision, the court grants the Motion for Entry of Judgment upon Default filed by the plaintiff Target National Bank. Judgment is entered in favor of Target National Bank and against defendant Denice Michelle Redmond in the amount of $5,015.30 and costs of $250.00, for a total amount of $5,265.30, which amount is excepted from discharge pursuant to 11 U.S.C. § 523(a)(1)(A).

SO ORDERED.